[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#112)
The defendants assert that the third and fourth counts do not state a cause of action for violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C.A. § 1395dd, because that act does not reach medical malpractice or provide a private cause of action against individual physicians.
This is a federal statute and this court's analysis is informed by a consistent body of federal caselaw collected inVickers v. Nash General Hosp., Inc., 78 F.3d 139 (4thCir. 1996). "EMTALA" is not a substitute for state law malpractice CT Page 7349 actions and was not intended to guarantee proper diagnosis or to provide a federal remedy for misdiagnosis or medical negligence. Id. P. 142. "EMTALA" is implicated only when individuals who are perceived to have the same medical conditions receive disparate medical treatment. It is not implicated whenever individuals who turn out, in fact, to have had the same condition receive desperate treatment. The cornerstone of an "EMTALA" claim is the disparate treatment of individuals perceived to have the same conditions. Id, P. 144.
Moreover, the act does not hold hospitals accountable for failing to stabilize conditions of which they are not aware or even conditions of which they should have been aware. Otherwise, "EMTALA" would become coextensive with malpractice claims for negligent treatment. Id, P. 145.
The act is intended not to ensure each emergency room patient a correct diagnosis, but rather to ensure that each is afforded the same level of treatment regularly provided to patients in similar medical circumstances. Gatewood v. Washington HealthcareCorp, 933 F.2d 1037 (D.C. Cir. 1991).
"EMTALA" is not a federal malpractice statute. It was not enacted to remedy negligent diagnosis, and only refusals to follow regular screening procedures violate the statute. Faulty screening in a particular case, as opposed to disparate screening or no screening at all does not violate the statute. Fisher ByFisher v. New York Health and Hospitals 989 F. Sup. 444 (E.D.N Y 1998).
When read in the light most favorable to the plaintiff the third and fourth counts do no more than recast the plaintiff's already stated medical malpractice claims under the guise of "EMTALA." Neither expressly or by inference is there any allegation of disparate treatment. The assertion of bald legal conclusions in the language of the act, without any factual underpinnings, carry no weight in deciding a motion to strike.Mingachos v. CBS, Inc. 196 Conn. 91, 108 (1985).
The plaintiff's procedural arguments fare no better. This motion is not premature. The court's inquiry is confined to the facial validity of counts three and four. This is not summary judgment. Further discovery is irrelevant.
While our rules do not permit the pleading of evidence they CT Page 7350 do require that the essential elements of a cause of action be pled in a plain and concise statement of material fact. Disparate treatment is not merely evidence. It is the core requirement of an "EMTALA" cause of action and must be pled. It was not either expressly or by inference.
Having concluded that the plaintiff has failed to state a cause of action under "EMTALA" the court need go no further. However, for the sake of judicial economy, the court also concludes that there is no claim against Dr. Depman individually because "EMTALA" does not create a private cause of action against an individual physician. The plain text of the statute limits a private right of action to the participating hospital.Eberhardt v City of Los Angeles, 62 F.3d 1253 (9th Cir. 1995). This court is not persuaded by Sorrells v. Babcock, 733 F. Sup. 1189
(N.D. III., 1990). This case stands alone and is contrary to federal appellate law. Eberhardt, supra, pp. 1256-7.
Accordingly, for all of the foregoing reasons this motion to strike is granted in all respects.
Licari, J.